ON RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Carolyn Woods, was convicted of assault in the first degree and assault in the second degree. She was sentenced to 18 years’ imprisonment and to 10 years’ imprisonment, respectively. Those sentences were to be served concurrently. We remanded this case so that the court could conduct a new Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), hearing. Woods v. State, 675 So.2d 47 (Ala. Cr.App.1995). We further directed the court not to rely solely on the composition of the jury when determining whether a prima facie case of gender and racial discrimination existed, because this practice was condemned by the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala.1994).
The trial court held a hearing on the Bat-son motion, ruled that a prima facie case of discrimination had been established, and ordered the prosecution to state its reasons for striking the prospective jurors.
The United States Supreme Court recently in Purkett v. Elem, — U.S.-, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), defined what is meant by a “legitimate reason” for striking a prospective juror. The court stated:
“The Court of Appeals appears to have seized on our admonition in Batson that to rebut a prima facie case, the proponent of a strike ‘must give a “clear and reasonably specific” explanation of his “legitimate rea *52 sons” for exercising the challenges,’ Batson, 476 U.S. at 98, n. 20, 106 S.Ct. at 1724, n. 20 (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981)), and that the reason must be ‘related to the particular case to be tried,’ 476 U.S. at 98, 106 S.Ct. at 1724. See [Elem v. Purkett ] 25 F.3d [679] at 682, 683 [ (1994) ]. This warning was meant to refute the notion that a prosecutor could satisfy his burden of production by merely denying that he had a discriminatory motive or by merely affirming his good faith. What it means by a ‘legitimate reason’ is not a reason that makes sense, but a reason that does not deny equal- protection. See Hernadez [v. New York, 500 U.S. 352] at 359, [111 S.Ct. 1859] at 1866, [114 L.Ed.2d 395 (1991)]; cf. Burdine, supra, at 255, 101 S.Ct. at 1094 (‘The explanation provided must be legally sufficient to justify a judgment for the defendant’).”
(Emphasis added.)
Since the release of Purkett, a party’s burden of proving that the party’s strikes did not violate Batson is not as great as this court had held before Purkett.
One black female prospective juror was struck because her son had been charged with breaking and entering. Another black female prospective juror was struck because her son had been charged with theft. One black female prospective juror was struck because she had been charged with issuing a worthless check. Still another black male prospective juror was struck because he had been charged with carrying a concealed weapon. A white female was struck because her stepfather was in prison for armed robbery and her husband had been charged with breaking and entering. These reasons do not violate Batson. Thomas v. State, 611 So.2d 416 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala.1992); Pollard v. State, 549 So.2d 593 (Ala.Cr.App.1989).
Another white female was struck because her father had been shot and killed and she indicated that she had been dissatisfied with the prosecution in that case. This also is a reason that does not violate Batson. Stephens v. State, 580 So.2d 11 (Ala.Crim. App.1990), aff'd, 580 So.2d 26 (Ala.1991), cert. denied, 502 U.S. 859, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991).
A white female was struck because she was single and worked for Associated Groceries. Marital status may be a sufficient reason nonviolative of Batson if there is no evidence of disparate treatment. Kynard v. State, 631 So.2d 257 (Ala.Cr.App.1993); Adkins v. State, 639 So.2d 515 (Ala.Cr.App. 1993), affd, 639 So.2d 522 (Ala.1994), cert. denied, — U.S. -, 115 S.Ct. 151, 130 L.Ed.2d 90 (1994). There was no evidence of disparate treatment presented here.
The judgment of the trial court on a Batson motion is entitled to deference on appeal, Batson, 476 U.S. at 98, 106 S.Ct. at 1724, 90 L.Ed.2d at 89, and will be reversed only if the ruling is “clearly erroneous.” Lynn v. State, 543 So.2d 709 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989). The trial court’s ruling was not “clearly erroneous” here.
This judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.